IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

PATRICK JEAN AUBIN                                                      PETITIONER

v.                          NO. 2:18-cv-00051 DPM/PSH

GENE BEASLEY, Warden, FCI-Forrest City                                  RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

The record reflects that petitioner Patrick Jean Aubin ("Aubin") pleaded guilty in the United States District Court for the Middle District of North Carolina ("Middle District of North Carolina") to one count of possession with intent to distribute

marijuana, one count of possession with intent to distribute cocaine base, and one count of possession of a firearm by a convicted felon. See United States v. Aubin, 67 Fed.Appx. 842 (4th Cir. 2003). A Presentence Report ("PSR") was then prepared, paragraph eighteen of which provided the following:

> **Chapter Four Enhancement:** As is shown in Part B. Defendant's Criminal History, [Aubin] has been convicted of Trafficking in Cocaine, Conspiracy to Traffic in Cocaine, and Possession With Intent to Sell and Deliver Cocaine. Since the instant offense is a felony controlled substance [offense] and [he] was 18 years or older at the time of the offense, [he] is a career offender within the meaning of USSG 4B1.1. …

See Docket Entry 8, Exhibit 1 at CM/ECF 2. On November 14, 2001, United States District Judge James A. Beaty, Jr., sentenced Aubin as a career offender to the custody of the Federal Bureau of Prisons ("BOP"). See Docket Entry 8, Exhibit 2.

Aubin appealed and challenged, in part, his sentencing as a career offender. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") found no reversible error and affirmed. See United States v. Aubin, supra.

On August 9, 2004, Aubin filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 in the Middle District of North Carolina. Judge Beaty denied the motion and declined to issue a certificate of appealability. See Docket Entry 8, Exhibit 5.

Aubin attempted to appeal Judge Beaty's denial of the motion pursuant to 28 U.S.C. 2255. The Fourth Circuit denied a certificate of appealability and dismissed his appeal. See United States v. Aubin, 161 Fed.Appx. 331 (4th Cir. 2006).

On September 19, 2013, Aubin filed a second motion pursuant to 28 U.S.C. 2255 in the Middle District of North Carolina. See Docket Entry 8, Exhibit 3 at CM/ECF 8

2

(Docket Entry 75). Approximately forty-two days later, he filed a third motion pursuant to 28 U.S.C. 2255 in the Middle District of North Carolina. See Docket Entry 8, Exhibit 3 at CM/ECF 8 (Docket Entry 78). Judge Beaty denied both motions on December 11, 2013, because Aubin failed to obtain authorization from the Fourth Circuit to file the motions. See Docket Entry 8, Exhibit 3 at CM/ECF 9 (Docket Entry 81).

On December 17, 2017, Aubin filed a motion with the Fourth Circuit for authorization to file a second or successive motion pursuant to 28 U.S.C. 2255. See Docket Entry 2 at CM/ECF 2. He represents that he premised his motion for authorization primarily upon United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). See Docket Entry 2 at CM/ECF 2. The Fourth Circuit denied the motion for authorization on January 3, 2018. See Docket Entry 8 at Exhibit 6.

On March 23, 2018, Aubin began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he advanced the following two claims:

1) in light of Mathis v. United States, --- U.S. ---, 136 S.Ct. 2243, 195 L.Ed.3d 604 (2016), Aubin's sentencing as a career offender was improper because his prior convictions from the State of North Carolina no longer qualify as controlled substance offenses for purposes of the United States Sentencing Guidelines ("Guidelines"); and

2) in light of United States v. Simmons, Aubin is actually innocent of the felon-in-possession offense because his prior State of North Carolina conviction for possession with intent to sell and deliver cocaine is no longer a qualifying predicate conviction. Aubin asked that he be re-sentenced without the career offender enhancement and that his felon-in-possession conviction be vacated.

3

Beasley filed a response to Aubin's petition and asked that it be dismissed. Beasley maintained, inter alia, that Aubin's petition is actually a motion pursuant to 28 U.S.C. 2255. It was Beasley's position that because Aubin had already filed a motion pursuant to 28 U.S.C. 2255 and prosecuted it to a final disposition, he was required, but failed, to obtain authorization to file a second or successive motion. Beasley thus maintained that the United States District Court for the Eastern District of Arkansas ("Eastern District of Arkansas") lacks subject matter jurisdiction.

Aubin filed a reply in which he acknowledged that the Fourth Circuit denied his motion for authorization to file a second or successive motion pursuant to 28 U.S.C. 2255. He nevertheless maintained that the petition at bar should be entertained because 28 U.S.C. 2255 is inadequate or ineffective to test the legality of his detention, thereby permitting him to proceed by means of a motion pursuant to 28 U.S.C. 2241.

"Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct [his] sentence under 28 U.S.C. 2255." See Alexander v. Haynes, 2013 WL 5507665, 3 (E.D. Ark. 2013) (Miller, J.). He may challenge the execution of his sentence, though, by filing a petition pursuant to 28 U.S.C. 2241 in the district of his incarceration. See Id. The scope of the latter proceeding is as follows:

> A court cannot entertain a petition for habeas corpus under 2241, "if it appears that the applicant has failed to apply for relief, by [2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). This latter provision is generally referred to as 2255's savings clause.
>
> To qualify for the savings clause, a petitioner must demonstrate that seeking relief from the sentencing court would be inadequate or

4

ineffective. Lopez–Lopez, 590 F.3d at 907 (citing Abdullah, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061–62 (8th Cir.2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275, 154 L.Ed.2d 117 (2002). The fact that an individual is barred from filing a 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. Lopez–Lopez, 590 F.3d at 907. The 2255 remedy is not inadequate or ineffective because the claim was previously raised in a 2255 motion but rejected because the petitioner was denied leave to file a second or successive 2255 petition or because a 2255 petition was time-barred. Id.

See Id. The phrase "inadequate or ineffective" has not been thoroughly defined. See United States v. Lurie, 207 F.3d 1075 (8th Cir. 2000).[1] Nevertheless, courts have identified some of the conditions a petitioner must satisfy in order to gain the benefit of the savings clause. In Mathison v. Berkebile, 988 F.Supp.2d 1091, 1097-1098 (D.S.D. 2013), a federal district court in this circuit adopted the following conditions articulated in Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001):

> [T]he savings clause of 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first 2255 motion.

---

[1] "While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a 2255 motion. See, e.g., In re Davenport, 147 F.3d 605, 608 (7th Cir.1998) (noting that it can't be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241). Specifically, the 2255 motion is not inadequate or ineffective merely because 2255 relief has already been denied, [citations omitted], or because petitioner has been denied permission to file a second or successive § 2255 motion, [citations omitted], or because a second or successive 2255 motion has been dismissed, [citation omitted], or because petitioner has allowed the one year statute of limitations and/or grace period to expire, [citation omitted].

United States v. Lurie, 207 F.3d at 1077.

Aubin maintains that his sentencing as a career offender was improper because his prior convictions from the State of North Carolina no longer qualify as controlled substance offenses for purposes of the Guidelines. He additionally maintains that he is actually innocent of the felon-in-possession offense because his prior State of North Carolina conviction for possession with intent to sell and deliver cocaine is no longer a qualifying predicate conviction. Aubin's challenges are not challenges to the execution of his sentence or the manner in which his sentence is being administered by the BOP. Instead, he is challenging his conviction and sentence. Such challenges must ordinarily be presented to the sentencing court by means of a motion pursuant to 28 U.S.C. 2255. The Eastern District of Arkansas is not the sentencing court; instead, the Middle District of North Carolina is. Aubin has prosecuted one motion pursuant to 28 U.S.C. 2255 to a final resolution in the Middle District of North Carolina. He attempted to file two other such motions in the Middle District of North Carolina, but his attempts were denied when he failed to request and obtain authorization to file the motions. He did not seek authorization to file a second or successive motion until December 17, 2017, when he sought authorization from the Fourth Circuit and, in support of his request, relied primarily upon United States v. Simmons. His request was denied. Given the foregoing, the motion at bar cannot be entertained by the Eastern District of Arkansas unless Aubin can show that the remedy afforded by 28 U.S.C. 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. 2255(e).

Aubin maintains that the remedy afforded by 28 U.S.C. 2255 is inadequate or ineffective and relies primarily upon two cases: In Re Bryon Jones, 226 F.3d 328 (4th Cir. 2000), and Hill v. Masters, 836 F.3d 591 (6th Cir. 2016). In the former case, the

6

Fourth Circuit found that the remedy afforded by 28 U.S.C. 2255 is inadequate or ineffective, thereby permitting a petitioner to challenge his sentence pursuant to 28 U.S.C. 2241, when the following circumstances exist:

> … (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law.

See In Re Bryon Jones, 226 F.3d at 333-334. In the latter case, the United States Court of Appeals for the Sixth Circuit found that the remedy afforded by 28 U.S.C. 2255 is inadequate or ineffective, thereby permitting a petitioner to challenge a sentence enhancement pursuant to 28 U.S.C. 2241, when the following circumstances exist:

> In authorizing a petition under 2241, we reiterate that our decision addresses only a narrow subset of 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who were foreclosed from filing a successive petition under 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

See Hill v. Masters, 836 F.3d at 599-600. Although In Re Bryon Jones and Hill v. Masters are not controlling legal precedent in the Eastern District of Arkansas, the undersigned will nevertheless briefly consider both decisions in the context of Aubin's two claims.

    I. Aubin's first claim. Aubin alleges that in light of Mathis v. United States, his sentencing as a career offender was improper because his prior convictions from the

State of North Carolina no longer qualify as controlled substance offenses for purposes of the Guidelines. His assertion has no merit for two reasons.

First, In Re Bryon Jones and Hill v. Masters require the showing of a new rule or a retroactively applicable Supreme Court decision. See In Re Bryon Jones, 226 F.3d at 334 ("substantive law changed"); Hill v. Masters, 836 F.3d at 600 ("subsequent, retroactive change in statutory interpretation by the Supreme Court"). Mathis v. United States did not announce a new rule of constitutional law nor is it a retroactively applicable Supreme Court decision. See Martin v. United States, --- F.3d. ---, 2018 WL 4368671 (8th Cir. 2018). Instead, as the district court in White v. Ormond, 2017 WL 6045435, 4 (E.D.Ky. 2017), explained, Mathis v. United States stands for the following proposition:

> … In Mathis, the Supreme Court reiterated that a statute is considered "divisible," therefore permitting use of the modified-categorical approach to determine whether a prior offense may be used to enhance a sentence under the career-offender provision, only when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. Mathis, 136 S. Ct. at 2249, 2251-52. But for a claim based upon a recently issued Supreme Court decision interpreting a statute to be cognizable in a 2241 petition, the holding must be retroactively applicable to cases on collateral review. Wooten [v. Cauley,] 677 F.3d at 307-308. In Mathis, the Supreme Court explained that its holding was required by decades-old precedent and hence, did not announce any new rule. The Sixth Circuit has held so explicitly. In Re Conzelmann, 872 F.3d 375, 376-377 (6th Cir. 2017) (finding that Mathis did not announce a new rule, nor has Mathis been declared retroactive by the Supreme Court). Therefore, because Mathis did not announce a new rule, nor has it been held to be retroactive by the Supreme Court, White may not rely upon it to satisfy the third requirement of Hill [v. Masters].

Because Mathis v. United States neither announced a new rule nor is a retroactively applicable Supreme Court decision, In Re Bryon Jones and Hill v. Masters are of no benefit to Aubin.

Second, In Re Bryon Jones contemplates a case in which "a prisoner is imprisoned for an offense that is no longer a crime." See Boynes v. Berkebile, 2012 WL 1569563, 6 (S.D.W.Va. 2012). Here, Aubin is not imprisoned for an offense that is no longer a crime. The case at bar is like Boynes v. Berkebile, one in which the following was alleged:

> … [Boynes'] challenge is based not on the offense of which he was convicted, but rather on a Sentencing Guidelines enhancement respecting his qualification as a career offender. However, the Fourth Circuit has not broadened the parameters of the analysis of the savings clause in [In Re Bryon Jones] to encompass a challenge to a sentence based on a sentence guideline enhancement or a claim of "actual innocence" of a sentence guideline enhancement.

See Id.

II. Aubin's second claim. Aubin alleges that in light of United States v. Simmons, he is actually innocent of the felon-in-possession offense because his prior State of North Carolina conviction for possession with intent to sell and deliver cocaine is no longer a qualifying predicate conviction.[2] His assertion has no merit for two reasons.

---

[2] In United States v. Simmons, Simmons pleaded guilty to a federal drug trafficking offense. He had a prior state conviction for marijuana possession, a conviction for which he faced no possibility of imprisonment. The district court found that the prior conviction was punishable by imprisonment for more than one year, thereby triggering a sentencing enhancement under the Controlled Substances Act. The Fourth Circuit affirmed the sentence enhancement on appeal after considering "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." See United States v. Simmons, 649 F.3d at 241. The United States Supreme Court vacated the judgment and remanded the case for further consideration in light of Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). The Fourth Circuit re-heard United States v. Simmons en banc, overruled long-standing precedent, and vacated Simmons's sentence. The Fourth Circuit held that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. Thus, the Fourth Circuit on longer looked to the maximum sentence that North Carolina courts could have imposed on a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record.

First, although United States v. Simmons announced a new substantive rule that is retroactive on collateral review, see Miller v. United States, 735 F.3d 141 (4th Cir.2013), the Fourth Circuit has explained that "the savings clause only preserves claims of actual innocence of convictions, and not the innocence of a sentencing factor," see Deleston v. Wilson, 2014 WL 3384680 (D. Minn. July 10, 2014) [citing United Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir.2013) (citing United States v. Poole, 531 F.3d 263, 267 (4th Cir.2008)); see also ... Hayes v. Holland, 473 F. App'x 501, 502 (6th Cir.2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims.")]. Here, Aubin is not claiming that he is actually innocent of the crime for which he was convicted. Instead, he challenges the use of his prior State of North Carolina conviction for possession with intent to sell and deliver cocaine to extend his sentence under 21 U.S.C. 841. The savings clause does not apply to such a claim.

Second, notwithstanding the foregoing, Aubin has prior convictions other than his North Carolina conviction for possession with intent to sell and deliver cocaine. As Beasley correctly notes, Aubin "ignores his other prior convictions for which he received a sentence of [eight] years." See Docket Entry 8 at CM/ECF 2.

In sum, the question at bar is whether the Eastern District of Arkansas, the district of Aubin's incarceration, has subject matter jurisdiction over his petition pursuant to 28 U.S.C. 2241 petition. Applying the governing law to the facts of this case, the undersigned finds that the Eastern District of Arkansas does not have subject matter jurisdiction over his petition and his petition should be dismissed.

The undersigned recommends on the basis of the foregoing that Aubin's petition be dismissed for lack of subject matter jurisdiction. Any relief he might obtain must first be sought from the Fourth Circuit. The dismissal of this case should be without prejudice, though. Judgment should be entered for Beasley.

DATED this 12th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE